IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MOSLEY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 23-CV-4169 |
| HARVEY BARTLE, III, *et al.*,<br>    Defendants. | :<br>:<br>: |

### MEMORANDUM

**PEREZ, J.**                                                                     NOVEMBER  7, 2023

      James Mosley has filed a civil rights Complaint naming as Defendants United States District Judge Harvey Bartle, III, current United States Circuit Judge L. Felipe Restrepo, former Assistant United States Attorney Floyd J. Miller, the Department of Justice, and the Bureau of Prisons.  Mosley also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Mosley *in forma pauperis* status, and dismiss the Complaint.

**I.**        **FACTUAL ALLEGATIONS**[1]

      Mosley alleges that on or about September 18, 2002 while in federal pretrial custody at the Philadelphia Federal Detention Center, Judge Bartle issued a decision granting in part and denying in part a defense motion in his pending criminal case to suppress physical evidence of statements regarding possession of a firearm permit. (Compl. at 3.)  Judge Restrepo, at that time in private practice, acted as Mosley's criminal defense attorney in the case and allegedly knew that Judge Bartle acted with racist intent in making the ruling against Mosley, who is Black.

---

[1] The factual allegations set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2).  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

(*Id.*)  AUSA Miller also allegedly knew that Judge Bartle violated Mosley's self-incrimination rights but chose not to dismiss the indictment against him.  (*Id*. at 4.)  He asserts that the Defendants' racist acts caused him to be imprisoned on a firearms violation.  (*Id.*)  Mosley brings a claim under 42 U.S.C. § 1981[2] seeking "to correct the injustice and harm," as well as money damages.  (*Id.*)

Public records from this Court[3] indicate that Mosley was charged on October 30, 2001 with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Mosley*, No. 01-664 (E.D. Pa.).  Judge Bartle presided over the case, Judge Restrepo represented Mosely, and Floyd J. Miller was the AUSA assigned to the case.  *Id*.  In a Memorandum and Order filed September 18, 2002, Judge Bartle granted in part and denied in

---

[2] Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C § 1981.  "'To establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).'" *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018) (quoting *Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015).

[3] The Court may consider matters of public record when conducting a screening under § 1915.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  The Court may also take judicial notice of prior court proceedings.  *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings)).

part a defense motion to suppress physical evidence and statements attributed to Mosley. *United States v. Mosley*, No. 01-664, 2002 WL 32351168, at *4-5 (E.D. Pa. Sept. 18, 2002). Mosely's motion to suppress the statement that he did not have a gun permit was granted, and the motion to suppress the firearm, determined by Judge Bartle to be admissible because it was observed by the arresting officers in plain view, was denied. *Id*. at *3.

Following the decision on the motion to suppress, a jury found Mosley guilty of the charges on October 3, 2002. *Mosley*, No. 01-664 (ECF No. 37.) After post-trial motions were denied, Mosely was sentenced on March 7, 2003 to a term of 180 months imprisonment, followed by a term of supervised release. *Id*. (ECF No. 49.) His conviction was affirmed by the United States Court of Appeals for the Third Circuit on May 17, 2004. *Id*. (ECF No. 57.)

## II.   STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Section 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (*per curiam*) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a defendant who is immune from such relief").

### III.   DISCUSSION

#### A.   Timeliness

Mosley asserts that the actions that allegedly violated § 1981 occurred in 2002 when Judge Bartle acted on his motion to suppress evidence. The claims are untimely. Section 1981 does not contain its own limitation period. *See Wilson v. Garcia*, 471 U.S. 261, 267 (1985) ("The Reconstruction Civil Rights Acts do not contain a specific statute of limitations. . . ."). In *Wilson*, the United States Supreme Court held that the need for national uniformity did not warrant the displacement of state statutes of limitations for civil rights actions. *Id.* The United States Court of Appeals for the Third Circuit has held that the forum state's statute of limitations for personal injury actions should control the timeliness of § 1981 claims and has applied Pennsylvania's two-year statute of limitations for personal injury actions to § 1981 actions. *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985); *see also* 42 Pa. Con. Stat. § 5524 (providing a two-year limitation period for personal actions in Pennsylvania). Since Mosley filed this case on October 24, 2023, well after the two-year limitation period expired, it must be dismissed with prejudice on this ground.

### B. Immune Defendants

Even if Mosley's Complaint had been timely presented, there are additional reasons why his claims cannot proceed. Specifically, Judge Bartle and former AUSA Miller are immune from suit under § 1981.

#### 1. Judge Bartle

Mosley's claim against Judge Bartle under § 1981 is not plausible because judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Judge Bartle's decision in Mosley's criminal case was a judicial act taken in a case in which he undoubtedly had jurisdiction to act. Accordingly, the claim for money damages against Judge Bartle is dismissed with prejudice.

To the extent that Mosley's request "to correct the injustice and harm," can be interpreted as a request to receive injunctive or declaratory relief, that claim is also dismissed against Judge

5

Bartle.  Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate").  In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute."  *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017).  "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief."  *Id.*  Since Judge Bartle acted as a neutral and impartial arbiter in Mosley's criminal case, he is also absolutely immune from a claim for injunctive relief.

    2.  **AUSA Miller**

   Mosley's claims against AUSA Miller are also not plausible.  Prosecutors are entitled to absolute immunity from liability for civil rights claims for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Absolute immunity extends to the decision to initiate a prosecution, *id.*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause

hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). Although *Imbler* was a suit against a state prosecutor filed pursuant to 42 U.S.C. § 1983, a federal prosecutor is also entitled to immunity from damage liability under § 1981 for actions, such as those here, taken in the prosecutorial role. *Brown v. Biester*, No. 86-1536, 1986 WL 7560, at *2 (E.D. Pa. July 7, 1986) (citing *Howard v. Rolufs*, 338 F. Supp. 697 (E.D. Mo. 1972)).

The only allegation against AUSA Miller is that he allegedly knew that Judge Bartle violated Mosley's self-incrimination rights but chose not to dismiss the indictment against him. Making the decision not to dismiss an indictment is clearly an act intimately associated with the judicial phase of the criminal process, making Miller absolutely immune from Mosely's § 1981 claim.

### C. Judge Restrepo

The Court's records reflect that Judge Restrepo acted as Mosley's privately retained defense counsel in Mosley's criminal case. Section 1981 "protects the equal right of 'all persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)). It provides similar protections to sue, be parties to suits, give evidence, and enjoy the full and equal benefit of all laws and proceedings for the security of persons and property.

The statute defines the phrase "make and enforce contracts" to "include[e] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b). As the United States Supreme Court stated in *Domino's Pizza*, relief under § 1981 depends upon allegations of

racial discrimination that either "block[ ] the creation of a contractual relationship" or "impair[ ] an existing contractual relationship." 546 U.S. at 476. Mosley's Complaint does not mention any contract specifically, and the only possible contract that the Court can infer therefrom is an alleged retainer agreement between Judge Restrepo and Mosley to engage the former's services as privately retained counsel. Because Mosley fails to allege that racial discrimination blocked the creation of that, or any other relationship, or impaired that contractual relationship, his claim is not plausible. Finally, to the extent Mosley's claim may be based on the § 1981 provision guaranteeing the full and equal benefit of all laws and proceedings for the security of persons, Mosley's sole allegation that Judge Restrepo knew that Judge Bartle acted with racist intent in making his ruling against Mosley, is undeveloped.[4]

### D. The United States and the Bureau of Prisons

Finally, Mosley lists the United States and the Bureau of Prisons as Defendants in the caption of his Complaint. Other than to assert that the events giving rise to his asserted claims took place while he was detained at the Philadelphia Federal Detention Center, operated by the United States Bureau of Prisons, Mosley fails to allege any facts about how the Department of Justice or the Bureau of Prisons violated 42 U.S.C. § 1981. By its explicit terms, § 1981 protects contract rights "against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). "The plain language of the statute 'very plainly does not include actions taken under color of federal law.'" *Lewis v. Snow*, No. 01-7785, 2003 WL 22077457, at *9 (S.D.N.Y. Sept. 8, 2003) (quoting *Graham v. United States Postmaster Gen.*,

---

[4] Because the § 1981 claim is also untimely, any attempt to develop the claim would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile."). Accordingly, no leave to amend will be granted.

No. 99-0289, 2001 WL 118591, at *3 (N.D.N.Y. Feb. 2, 2001)). Furthermore, the United States has not consented to be sued under § 1981. *Id.* (citing *Callis v. Shannon*, No. 93-4983, 1994 WL 116007, at *2 (S.D.N.Y. Mar. 28, 1994)). Accordingly, all claims against the United States and the Bureau of Prisons are dismissed.

## IV. CONCLUSION

For the stated reasons, Mosely's Complaint is dismissed in its entirety with prejudice. An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**MIA R. PEREZ, J.**